## SEAMANS *vs.* C. and A. SMITH.

In an action to recover for damage done by the defendants' cattle, horses and sheep to the plaintiff's orchard and crops, the plaintiff, who was a witness in his own behalf, after testifying that in 1861 he had one and three quarter acres of buckwheat on his land, and that in the fall of that year the defendants' horses got in, after the buckwheat was cut, and tore it to pieces, and ate what they wanted, was asked "what portion of the buckwheat the defendant's horses destroyed, in the fall of 1861 ?" *Held* that the witness, being a farmer, his experience as such rendered him competent to answer the question; and that an objection to the same was properly overruled.

The plaintiff further testified that fifteen cattle went into one acre of his peas, in 1864, and destroyed two thirds of them; that they were worth $4 per bushel, and that he had usually raised peas. He was asked this question: "If that piece of peas had not been injured by the stock, how much would it have produced, that season?" *Held* that the witness was competent to answer the question, and that the referee properly overruled an objection to it; the evidence being necessary to enable the referee to ascertain the amount of damages the defendants' cattle did to the peas.

Seamans *v.* Smith.

*Held, further,* that a question, put to the plaintiff as a witness, as to what portion of his corn, that was destroyed in the fall of 1863, was destroyed by the defendants' cattle, was admissible, in connection with the other facts to which he had previously testified.

The plaintiff also testified that in July, 1860, the defendants' hogs destroyed all his peas—thirty rods—that they were goods peas, and podded, when destroyed; that he could tell what the ground would have produced if the peas had not been destroyed. He was then asked, what the ground would have produced, had the peas not been destroyed by the defendants' hogs. This question was objected to as incompetent and improper, and as calling for the opinion of the witness. *Held* that the question was proper, and the objection to it was properly overruled.

A son of the plaintiff testified that he helped harvest a crop of oats, and saw the defendants' cattle in them, about a week before they were cut. *Held* that his testimony showed he was competent to state what proportion of the crop was destroyed by the cattle; and that an objection to a question put to him on that subject was properly overruled.

THIS was an action brought to recover for the damage done by the defendants' cattle, horses and sheep to the plaintiff's orchard and crops during a series of years, on a piece of land owned and possessed by the plaintiff in the town of Truxton, in Cortland county. The defendants owned a farm adjoining the plaintiff's land, on which their stock was kept. The action was tried before a referee, who decided that the plaintiff was entitled to recover, and he assessed the plaintiff's damages at $166.63; for which judgment was entered, with costs, against the defendants, in the office of the clerk of Cortland county, in October, 1865. The defendants appealed from the judgment to the general term of this court. All other facts necessary to a correct understanding of the decision of this court are sufficiently noticed in the following opinion.

*Miner & Kern,* for the plaintiff.

*Waters & Waters,* for the defendants.

*By the Court,* BALCOM, J. The plaintiff was a witness in his own behalf. He testified, among other things, that he

Seamans *v*. Smith.

had one and three quarter acres of buckwheat on his land in 1861; that in the fall of that year the defendants' four horses "got in after the buckwheat was cut, and tore it to pieces, and eat what they wanted to." His counsel then asked him this question : "State, if you can, what portion of the buckwheat the defendants' horses destroyed, in the fall of 1861?" To which the defendants objected, on the grounds, 1. It is incompetent, and from the facts already stated by the witness, the opinion asked for he is not competent to give. 2. Question is improper. The referee overruled the objection, and the defendants excepted. The witness answered : "I think one fifth part. I have usually raised buckwheat every year. I think it would have produced twenty to twenty-five bushels, had it not been injured by the defendants' horses. Buckwheat was worth five shillings per bushel in the fall of 1861."

The witness was a farmer, and his experience as such rendered him competent to answer the question put to him. The question was unlike the objectionable ones answered by the plaintiff in *Armstrong v. Smith*, (44 *Barb*. 120.) I think the objection to the question was properly overruled by the referee. The decision in *Whitbeck* v. *N. Y. Central R. R. Co*., (36 *Barb*. 644,) shows that the plaintiff in this case was competent to answer the question put to him. And the ruling of the referee was not in conflict with *Harpending* v. *Shoemaker*, (37 *Barb*. 270.)

The plaintiff further testified that fifteen cattle went into one acre of his peas, in 1864 ; that the cattle destroyed two thirds of them ; that they were worth $4 per bushel. He stated he had usually raised peas. His counsel then asked him this question: "If that piece of peas had not been injured by the stock, how much would it have produced, that season?" The defendants objected to the question on the grounds, 1. It calls for the opinion of the witness. 2. The witness is not competent to give the opinion called for. 3. It is incompetent. The referee overruled the objection and the

defendants excepted. The witness answered, "Twenty-five bushels. I got seven bushels."

The witness was competent to answer this question, and I am of the opinion the referee properly overruled the objection to it. The estimates or calculations of the witness were competent, for the reason that he was familiar with the subject, and the evidence was necessary to enable the referee to ascertain the amount of damages the defendants' cattle did to the peas.

The question put to the plaintiff, as a witness, as to what portion of his corn, that was destroyed in the fall of 1853, was destroyed by the defendants' cattle, was admissible in connection with the other facts to which he had previously testified, and for reasons already assigned, showing the admissibility of the other questions above mentioned.

The plaintiff also testified that in July, 1860, the defendants' hogs destroyed all his peas, thirty rods; that they were good peas, and podded when destroyed; that he could tell what that ground would have produced if the peas had not been destroyed. He was then asked what the ground would have produced, had the peas not been destroyed by the defendants' hogs; which question was objected to as incompetent and improper, and as calling for the opinion of the witness. The objection was overruled, and the defendants excepted. This question was proper, and the objection to it was properly overruled, for the reason that the answer to it, which was that the ground would have produced three bushels, worth twelve shillings per bushel, was as necessary for the information of the referee as the answers were which we have already seen were admissible.

The evidence given by Chauncey Seamans shows he was competent to state what proportion of a crop of oats was destroyed by the defendants' cattle, a week before they were cut. He was a son of the plaintiff, and helped harvest the oats, and saw the cattle in them. I think the objection to

the·question put to him on that subject was properly over-ruled.

The question the plaintiff put to the defendant Alfred Smith, on his cross-examination, as to the number of times the defendants' cattle were in the plaintiff's lot in 1864, was properly overruled. It was a pertinent and proper inquiry in view of the other evidence in the case.

The defendants' counsel have made the point that the finding of the referee, that from the first day of. April, 1864, till the commencement of the action, the defendants jointly owned and caused to be kept on their farm three horses, two two year old cattle and about twenty-five sheep, is not justified by the evidence. I think this finding is not against the evidence, but is sustained by it.

I have noticed all the points made by the defendants' counsel on this appeal, and I shall not examine any exception in the case which the defendants' counsel have omitted to notice.

I will add that the rulings of the referee as to the admissibility of·evidence affecting the damages are in accordance with the views expressed by me in the concluding portion of my opinion in *Armstrong* v. *Smith*, (44 *Barb.* 124, 125.)

My conclusion is that the judgment in the action should be affirmed, with costs.

So decided.

[BROOME GENERAL TERM, July 10, 1866. *Parker, Mason, Balcom* and *Boardman*, Justices.]