WIGGINS, Defendant in Error, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, Plaintiff in Error.

### St. Louis Court of Appeals, May 22, 1906.

1. **DAMAGES: Evidence: Opinion of Witnesses.** In cases sounding in damages, it is error to allow a witness to give his opinion as to the amount of damages sustained because that is usurping the function of the jury.

2. ———: **Destruction of Fence: Measure of Damages.** The rule for the measure of damages for the destruction of several panels of fence by fire is the actual value of the fence as it stood at the time of the fire.

3. ———: **Injury to Inheritance.** Where fire ran over a meadow and killed the grass roots, the measure of damage was the injury done to the inheritance ascertained by taking the difference between its value before the fire and afterwards.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing, Judge.*

REVERSED AND REMANDED.

*L. F. Parker* and *James Orchard* for plaintiff in error.

The witnesses in this case were permitted to give their opinion as to the damages sustained by the plaintiff, which is error. To allow a witness to give his opinion as to the amount of damages sustained in any given case is, as a general rule, usurping the province of the jury, and determining for them a question of which they are peculiarly the judges, and for which purpose

they are selected triers of a case sounding in damages. Spencer v. Railroad, 120 Mo. 154, 23 S. W. 126; Watkins v. Railroad, 44 App. 255; Sallee v. St. Louis, 152 Mo. 619-620, 54 S. W. 463.

*V. ·V. Ing* for defendant in error.

NORTONI, J.—Plaintiff sued the defendant for the value of eight or ten panels of board fence and the destruction of ten or twelve acres of timothy meadow, both of which were destroyed by fire communicated thereto by one of defendant's locomotive engines on its line of railroad which passes through his farm. The jury returned a verdict for the plaintiff and defendant sues out a writ of error. On the trial there was no evidence introduced tending to prove the value of the fence at the time of the fire nor what it would cost to replace it, nor was there evidence tending to show the value of plaintiff's farm with the meadow at the time and prior to the fire and its value thereafter, so that the jury could ascertain the difference in value before and after the fire. All of the evidence introduced by the plaintiff on this question, and defendant introduced none, was the opinion of witnesses. One witness after another, over the objection and exception of defendant was permitted to give his opinion of the amount of damages the plaintiff had suffered. This was error.

1. To allow a witness to give his opinion as to the amount of damages sustained in any given case, is, as a general rule, usurping the province of the jury, and determining for them the question of which the jury is the peculiar judge. And this is especially true in cases sounding in damages. [Spencer v. Met. Street Railway Co., 120 Mo. 154, 23 S. W. 126; Watkins v. St. L. & I. M. Ry. Co., 44 Mo. App. 245; Sallee v. St. Lonis, 152 Mo. 615, 54 S. W. 463.]

2. The rule for the admeasurement of the damage pertaining to the destruction of the several panels of

the fence in this case, is the actual value of the fence as it stood at the time of the fire. This is the true rule for the admeasurement of such damages. Of course, in a case where the destruction of the fence interferes with the beneficial enjoyment of the premises, then in addition to the value of the fence destroyed, the loss to the rental value for the time it would have taken to restore the improvement should be added. But in the case at bar, the actual value of the fence was the measure of the recovery therefor and such value may be ascertained by the time and money properly expended to restore the fence to its former condition. [Graves v. Ry. Co., 69 Mo. App. 574.] The loss sued for is not a crop of hay, but rather the destruction of the timothy or meadow roots.

3. The fire was in March. The evidence shows that the timothy roots were killed by the fire so that it produced no crop the succeeding season. In such case the damage is to the inheritance, and the measure of the plaintiff's recovery for such killing of the grass roots is the injury done to the inheritance; and the true rule thereon is the ascertainment of the value after the injury has been done, the difference between which is plaintiff's loss, and the measure by which the defendant should compensate him therefor. [Gates v. C. & A. Ry. Co., 44 Mo. App. 488.]

There was no word of testimony introduced tending to prove the value of the fence; not even a witness gave his opinion as to the value separately of the fence destroyed, which no doubt would have been competent inasmuch as it is held as an exception to the general rule that the opinions of such witnesses as are familiar with the character and value of the property are competent on the question of such value. [Matthews v. Mo. Pac. Ry. Co., 142 Mo. 645; Thomas v. Mullincrodt, 43 Mo. 65.] And no witness testified as to the depreciation in value

of the land or the relative value thereof before and after the fire. All of the evidence on the question of damages consists in opinions as to how much the plaintiff was damaged as the result of the fire.

4. Inasmuch as the case will be remanded for further proceedings, it is not improper to say that the court's instruction to the jury on the measure of damages was erroneous as well. The jury were told: "You should assess his damages at such sum as you shall believe and find from the evidence was the reasonable value of such fence and timothy grass and meadow so burned up or destroyed." While this was proper enough as to the measure of recovery pertaining to the fence, it was an erroneous guide as to the duty of the jury with respect to the admeasurement of the recovery for the meadow destroyed, it not being a crop of hay but rather destruction of the grass roots and resultant injury to the inheritance and the measure of such injury to the inheritance is the difference in the value of the premises before and after the fire.

For the reasons given, the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.