CARTER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, December 17, 1907.

1. DAMAGES: Destruction of Property: Measure of Damages. As a general rule the measure of damages for the negligent destruction of property by fire is the value of the property consumed at the time and place of its destruction.

2. ———: ———: ———: Unforeseen Consequences. Damages caused by a tort are not in every instance manifest at the happening of the wrong; injurious consequences, not apparent and unforeseen at the time, would nevertheless form an element of the damages if it could be shown that such consequences were naturally and proximately caused by the tort.

3. ———: ———: **Growing Crop: Measure of Damages.** A lessee of a tract of land, whose right as such was restricted to pasturing and cutting hay on the premises, brought suit for damages caused to the premises by a fire negligently set out which burned over a part of the tract set in meadow. An instruction given for the plaintiff stating that the measure of his damages was the difference between the value of the crop actually harvested on the land and the value of the crop the land would have produced had it not been burned over, was erroneous. [Following Hunt v. Railroad, 126 Mo. App. 261, 103 S. W. 133.]

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* and *Geo. Robertson* for appellant.

(1)     The court resisted every effort of the defendant to establish the rental value of the lands either before or after the fire.     Clark v. Banks, 6 Hous. 584; Sedgwick on Dam. (8 Ed.), secs. 70-72, 1022; Schlemmer v. Worth, 32 Mo. 206; Hughes v. Hood, 50 Mo. 350. (2)     Plaintiff's instruction numbered 4, as to the measure of damages, telling the jury to allow the difference in value at harvest time between the stand of grass actually produced on the burned land and the stand of grass which the evidence showed would have been produced at harvest time is error, as being purely speculative.     3 Joyce on Damages, secs. 2124, 2126; Jewett v. Whitney, 42 Me. 242; Joyce on Damages, sec. 2141; McKee v. Railroad, 49 Mo. App. 174; Sullens v. Railroad, 74 Ia. 659, 7 Am. St. 501; Chicago v. Heunerbein, 85 Ill. 594, 28 Am. 626; Watt v. Railroad, 23 Nev. 154, 62 Am. St. 772; Kingsley v. Siebrecht, 92 Me. 23, 69 Am. St. 486; Mahoney v. Kansas City, 106 Mo. App. 39.

*E. S. Gantt* for respondent.

(1)     In an action of tort the law has fixed no criterion of damages.     The facts of each case suggest the

correct rule.   And no rule is just which does not af-
ford to the injured person fair compensation for the
loss and damage he has sustained.     Matthews v. Rail-
road, 142 Mo. 664; Fell v. Newberry, 106 Mich. 542;
Brigham v. Carlisle, 78 Ala. 243, 56 Am. 28; Seely v.
Alden, 61 Pa. St. 302, 100 Am. Dec. 642; Railroad v.
Cicero, 157 Ill. 56; Frick v. Kansas City, 117 Mo. App.
497.   (2)  There is no reason for the exclusion of profits
because profits simply.   And if it is made to appear
reasonably certain that profits would have been made
but for the act complained of, and sufficient evidence is
given of the amount, there may be a recovery in dam-
ages therefor.     Stewart v. Patton, 65 Mo. App. 21;
Brandt v. Schuchmam, 60 Mo. App. 70; Goldman v.
Wolff, 6 Mo. App. 495; Griffin v. Colver, 16 N. Y. 489, 69
Am. Dec. 718; Simmons v. Brown, 5 R. S. 29973, Am.
Dec. 66; Lewis v. Sus. Co., 61 Mo. 534; Allison v.
Chandler, 11 Mich. 548; Schile v. Brokhahus, 80 N. Y.
614; Holden v. Mfg. Co., 53 N. H. 552; Shirt Co. v.
Frankenthal, 96 Mo. App. 307; Gildersleeve v. Overstolz,
90 Mo. App. 518; Murphy v. Bldg. Co., 90 Mo. App.
621; Hefter v. Hammitt, 54 Mo. App. 303; 1 Sutherland
on Damages (3 Ed.), sec. 59 and cases cited; Wiggins
Ferry Co. v. Railroad, 128 Mo. 224; Shepherd v. Gas
Co., 15 Wis. 318, 82 Am. Dec. 679; Crawford v. Par-
sons, 63 N. H. 438.

BLAND, P. J.—Plaintiff was the lessee of one hun-
dred and seventy-five acres of meadow and pasture
lands adjacent to defendant's railroad track in Audrain
county, Missouri.   He held by a written lease and his
term began March 1, 1905, and terminated March 1,
1906.   The lease provided that "none of said lands
is to be plowed but used only for grazing purposes
and for cutting hay."   Eighty acres of the land lying
adjacent to the railroad was in meadow.   On March
eleventh and again on March 12, 1905, defendant's loco-

motive engines set fire to the meadow and burned over from twenty to twenty-five acres of it. The action was to recover the resulting damages and was commenced before a justice of the peace in Audrain county, Missouri, and in due course was appealed to the circuit court, where on a trial *de novo* plaintiff recovered judgment from which defendant appealed to this court. Defendant admitted that its engines set the fires, and the sole controversy is in respect to alleged errors committed at the trial, in the admission and rejection of evidence, and the giving and refusing of instructions in respect to the measure of damages. The trial court, both in the admission of evidence and in its instructions, ruled that the measure of plaintiff's damages was "the difference in the value at harvest time between the stand of grass actually produced on the land burned over and the stand of grass which from the evidence the jury find said land would have produced at harvest time, had it not been burned over. Such values will be estimated at the fair and reasonable market value of the stands of grass at harvest time prior to the actual beginning of the cutting of said grass;" and refused to admit evidence and instruct in defendant's behalf, on the theory that plaintiff's measure of damages was the difference per acre between what plaintiff rented the land at and what it was damaged per acre by reason of the fire. The general rule is that the measure of plaintiff's damages for property destroyed by fire, negligently set, is the value of the property consumed at the time and place of its destruction. [Matthews v. Railway, 142 Mo. 645, 44 S. W. 802; 13 Am. & Eng. Ency. of Law (2 Ed.), 533.] In Atkinson v. Railroad, 63 Mo. 367, it was held that the measure of the plaintiff's damages for the destruction of forest trees by fire, was the difference between the value of the trees before and after the fire. Matthews v. Railroad, supra, was an action for the destruction of a barn by fire. It was

ruled that the measure of damages was the value of the barn. The same rule was announced in Burke v. Railroad, 7 Heisk. (Tenn.) 451. In Railroad v. Jones, 59 Ark. 105, in an action by the owner against the railroad company for damages to his meadow destroyed by fire, negligently set by the defendant, the court said: "The measure of damages is the cost of re-seeding the meadow, and its rental value until it is restored." In Railroad v. Hixon, 110 Ind. 225, and Vermilya v. Railroad, 66 Iowa 606, the cost of restoring the meadow to as good condition as it was before the fire was held to be the proper measure of damages. Belch v. Railroad, 18 Mo. App. l. c. 85, was a suit by the owner for the destruction of a meadow by a fire set by defendant. The court said: "If the meadow was utterly destroyed by the fire, the measure of damages would be its value at the time of the fire."

It seems to me that the more logical and better rule for estimating damages in the circumstances related in the foregoing cases, that is, where the realty itself has been damaged, is the difference in the value of the premises before and after the injury. [Wiggins v. Railroad, 119 Mo. App. 492, 95 S. W. 311.]

In Scanland v. Musgrove, 91 Ill. App. 184, the landlord entered upon the demised premises and destroyed the defendant's growing crop of wheat by plowing it under. The court ruled that defendant "was entitled to recover as damages therefor, the value of his two-thirds at the time it was destroyed; not its then value for immediate use, in the condition it then was, but with a view to his right to use the land until it was matured, and then harvest it; and this value may be properly ascertained by showing the probable amount of wheat the crop, as it appeared when destroyed, would likely yield; the value of the same at the market season, and deducting therefrom the necessary cost for harvesting and threshing the same. [Railroad v. Schaffer, 26

Ill. App. 280, and Economy Light & Power Co. v. Cutting, 49 Ill. App. 422.]"

People's Ice Company v. The Steamer "Excelsior," 44 Mich. 229, was an action to recover the value of a crop of ice, formed on a leased pond along inside the channel bank of the Detroit river, and negligently destroyed by the defendant steamer.    In respect to the measure of damages, the court, after discussing the rule for the measure of damages caused by the destruction of a growing crop, at page 237, said:

"The owner of the growing crops would not be limited in his recovery to the value thereof at the time of their destruction, nor to the fair rental value of the lands.    If the action were brought at once, and a trial had, the prospective yield and value of the crop when matured might be shown.    The proof might be unsatisfactory and uncertain, and largely a matter of opinion.    Such considerations should not, however, absolve the wrongdoer, and the dangers, if any, from such a rule, he should incur.    If such an action were not commenced or tried until after the time when such crops would have matured, the same elements of uncertainty would not exist.    It would then be known whether the season had been a favorable or an unfavorable one; the yield per acre in that vicinity; the market price of the crop; the expense—all could be ascertained with tolerable certainty, and why should the law exclude such proofs?    The law affords abundant instances of cases analogous to the present, where the extent of the injury cannot be ascertained immediately thereafter, and where evidence is permitted to be given to show the probable extent thereof, or if sufficient time has intervened before the trial, to show the actual result.    In all such cases the extent of the injury can be ascertained with reasonable certainty."

The difference in the rental value of the land just before and immediately after the fire would not afford

plaintiff adequate compensation for the loss, for the reason he was restricted by the terms of his lease from cultivating the land; nor could he sublet it, and as he had no interest in the soil, he was not entitled to damages for injury to the inheritance, if any.   The fire did not interfere with his rights in the property as lessee, therefore, his damages cannot be measured by the difference in the rental value of the land burned over and what he agreed to pay per acre as rent.   In ordinary cases, the measure of damages for the destruction of a growing crop by fire, as the destruction of a crop of grass, is its value at the time of the fire.   [3 Joyce on Damages, sec. 2126; 4 Sullivan on Damages, sec. 1023.]

In Donovan v. Railroad, 93 Wis. 373, the action was for the destruction of timber, hay, grass, buildings and pasture by fire, negligently set by defendant.   In proving damages, the plaintiff offered evidence showing what the land had previously produced.   The court, at page 376, said:   "In proving damages we perceive no objection to proving what the lands had previously produced."

Damages caused by the breach of a contract, or the commission of a tort, are not, in every instance, manifest at the time of the happening of the wrong.   Injurious consequences often follow which are not apparent and which cannot be foreseen at the time but, nevertheless, form an element of the damages, if it can be shown that such injury was naturally and proximately caused by a breach or tort.   Thus in Schile v. Brokhahus, 80 N. Y. 614, it was held:   "Where a business has been partially interrupted, because of the trespass, it is competent to prove upon the question of damages the amount of business previously done, and how much less the business was during the months when the injury occurred than during the corresponding months of the previous year, and the profits upon the business;

and where the evidence is sufficient to show that the falling off of business was in consequence of the wrongful acts of the defendant, the loss of profits thus established is a proper item of damages."

In Gildersleeve v. Overstolz, 90 Mo. App. 1. c. 527, the following paragraph is approvingly quoted from Schile v. Brokhahus, supra: "Loss of profits consequent upon a tort as well as a breach of contract are allowed, provided they are such as might naturally be expected to follow from the wrongful act, and are certain both in their nature and in respect to the cause from which they proceed."

Plaintiff's evidence tends to show that with the exception of about three acres, the portion of the meadow burned over was practically destroyed and grew up in weeds and wild grass and was not worth anything as a meadow at harvest time; it also tends to show that in previous years the yield of hay per acre from the burned portion had equalled or exceeded that of the unburned portion of the meadow. At the times the fires occurred, plaintiff could not pasture the meadow without damaging it, and hence the short green grass, in the condition it was then in, had no appreciable value to him, and it seems to us that nothing less than what the value of the grass would have been, standing on the meadow at harvest time, had it been permitted to mature, will fully compensate plaintiff for his loss, and the most rational and satisfactory way of proving that value was by showing the average product per acre of the portion of the meadow not burned and if, as was held in People's Ice Co. v. Steamer; Scanland v. Musgrove, and Donovan v. Railroad, supra, the loss or damages may be shown by proof of what the land produced in former years, it seems to us that proof of what it would have produced the year in which it was burned ought to be admissible where, as in this case, the proof

is such as to make it reasonably certain what the land would have produced.

The court gave the following instruction on the measure of damages:

"4. If the jury find in favor of the plaintiff on either or on both counts of plaintiff's petition under the other instructions given in the cause and under the evidence the jury will assess the amount of plaintiff's recovery at such sum as will fairly and reasonably compensate plaintiff for his loss and damage occasioned by the fire; that is to say the difference in value at harvest time between the stand of grass actually produced on the land burned over and the stand of grass which from the evidence the jury find said land would have produced at harvest time, had said land not been burned over. Such values will be estimated by the jury at the fair and reasonable market value of the stand of grass at harvest time prior to the actual beginning of the cutting of said grass."

If, to prove the damages, it was competent to hear evidence of what the land would have produced but for the fire, it was proper to instruct the jury that the measure of damages was the market value of the crop of hay the land would have produced, less the expense of harvesting and marketing the same; in substance, this is what the court directed the jury to do in estimating the damages, and I can see no substantial objection to the instruction.

The majority of the court consider the instruction given in the present case on the measure of damages erroneous. The question as to what is the measure of damages for loss of crops destroyed while growing, was discussed in Hunt v. Railroad, 126 Mo. App. 261, 103 S. W. 133, the rule prescribed and the range indicated which the evidence in proof of the damages, may take. The instruction in this case is incorrect within the rea-

soning and the rule of the Hunt case; and as we are satisfied with the soundness of the views therein expressed, we will adhere to them.

The judgment is reversed and the cause remanded for new trial. *Goode* and *Nortoni, JJ.,* concur. *Bland, P. J.,* dissents and thinks the judgment should be affirmed.