## W. C. Scanland v. John Musgrove.

1. DAMAGES—*Measure of—Destruction of Growing Crops.*—Where a landlord enters upon the demised premises and destroys a growing crop of his tenant, the tenant will be entitled to recover as damages therefor the value of his interest at the time, not its then value for immediate use in the condition it then was, but with a view to his right to use the

land until the crop was matured and then harvest it, and this may be properly ascertained by showing the probable amount of grain the crop, as it appeared when destroyed, would be likely to yield, the value of the same at the market season, and deducting therefrom the necessary cost of harvesting and threshing the same.

Trespass, to growing crops. Appeal from the Circuit Court of Green County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

EDWIN A. DOOLITTLE and THOMAS F. FERNS, attorneys for appellant.

M. J. DOLAN and ED. J. VAUGHN, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

John Musgrove, the appellee, sued W. C. Scanland, the appellant, before a justice of the peace of Green county, to recover damages by ·reason of his alleged " unlawful invasion of Musgrove's premises and destroying his growing ·wheat."

After a trial and judgment before the justice of the peace, the case was taken by appeal to the Circuit Court, and there tried by a jury, resulting in a verdict and judgment in favor of appellee for forty dollars. Appellant brings the case to this court by appeal, and urges us to reverse the latter judgment on the grounds that the court gave improper instructions, and that the verdict is not supported by the evidence.

The evidence shows that appellee, in the fall of 1898, by verbal lease, rented a certain forty acres of land from appellant, on which to grow a crop of wheat, and agreed to pay as rent therefor one-third of the wheat grown thereon. Appellant claims, and so testified, that the north eighteen or twenty acres of the forty Musgrove agreed to put in wheat, " with the understanding that if it did not make a stand of wheat, that he (appellant) could put in corn in the spring," while appellee, in his testimony, denied there was such an agreement.

In the fall of 1898, appellee sowed all of the land in wheat, and in the latter part of April, 1899, appellant, against the protest of appellee, plowed up and planted the north eighteen or twenty acres thereof with corn. Before appellant plowed the land, the growing wheat thereon showed it was injured to some extent by the previous cold winter, but the testimony is very conflicting as to the extent of such injury; that offered by appellee tending to show that the injury was slight and the prospect at that time was such that it indicated that the wheat would yield from eight to fifteen bushels to the acre, while that offered by appellant tended to show that the wheat was nearly all winter killed, and appeared as if it would not pay the expenses of cutting and threshing it. The price of wheat harvested in 1899 was shown to be sixty cents a bushel, and the cost of harvesting was from seventy-five cents to one dollar per acre, of threshing, three cents per bushel, and other expenses of harvesting and threshing about seventy-five cents per acre.

Counsel for appellant insists that the evidence shows the wheat when plowed up was not matured, and that the testimony offered by appellee fails to show what it was worth, if anything, at that time, while the evidence offered by appellant fully shows it was then worthless, and contends the verdict should have been for appellant instead of appellee.

We are of the opinion, however, that upon the assumption that the jury was warranted, from the evidence, in concluding that appellant wrongfully plowed under the growing wheat, then appellee, as the owner of two-thirds thereof, was entitled to recover as damages therefor, the value of his two-thirds at the time it was destroyed; not its then value for immediate use, in the condition it then was, but with a view to his right to use the land until it was matured, and then harvest it; and this value may be properly ascertained by showing the probable amount of wheat the crop, as it appeared when destroyed, would likely yield; the value of the same at the market season, and deducting therefrom the necessary cost for harvesting

and threshing the same.   C., B. & Q. R. R. Co. v. Schaffer, 26 Ill. App. 280, and Economy Light & Power Co. v. Cutting, 49 Ill. App. 422.

A careful consideration of all the evidence in the record in this case convinces us that the jury were warranted in arriving at the conclusion they did, if they believed the appellee and his witnesses rather than the appellant and his witnesses, where their testimony was conflicting on vital questions in issue between them; and since their verdict has the approval of the trial judge we do not find enough in the evidence to warrant us in reversing the judgment for want of evidence to support it, or as against the weight of the evidence.

Counsel for appellant also insists that appellee's fourth and sixth given instructions are improper, and contain prejudicial error.

The printed abstract of the record filed in this court by appellant, while it contains the sixth instruction given at the instance of appellee, and shows that the court gave other instructions at the instance of appellant, fails to show what the latter are; hence appellant is not in condition to insist in this court that those two instructions have prejudiced him before the jury while failing to give in his abstract all the instructions that were given, so that this court, from the abstract, may read and consider all the instructions together as one charge, and thereby determine whether appellant has been so prejudiced, without being compelled to go to the record and ascertain that fact.   City of Roodhouse v. Christian, 158 Ill. 137.

We find, however, by consulting the record, that when all the instructions given by the court are read and considered the appellant was not prejudiced by the inaccuracies contained in the two instructions of which he complains.

Finding no reversible error in the record the judgment of the Circuit Court in this case is affirmed.