FARMERS' EXCHANGE BANK, Respondent, v. CRUMP, Appellant.

St. Louis Court of Appeals, January 30, 1906.

1. PLEADING: Variance: Waiver. Where an amended petition is filed which is a variance from the original petition, the defendant, after the overruling of his motion to strike out, by answering to the amended petition waives the point and cannot avail himself of the variance on appeal.

2. PRACTICE: Parties: Real Party in Interest. Where the vendor of land deposited the deed, by which he conveyed to the purchaser, with a bank in escrow, under an agreement that the bank should deliver the deed to the purchaser upon the pay-

ment by the latter of a debt which the vendor owed the bank, and which the purchaser assumed as part of the purchase price; after a delivery of the deed and acceptance by the purchaser, the bank, as the real party in interest, could recover against the purchaser the amount of the vendor's debt, although there was no formal assignment of the cause of action by the vendor to the bank.

3. ——: ——: ——: Statute of Limitations. The date when the deed in such case was delivered to the defendant was the date when the cause of action accrued so as to set in motion the Statute of Limitations.

Appeal from Scotland Circuit Court.—*Hon. E. R. Mc-Kee*, Judge.

AFFIRMED.

*Mudd & Pettingill* for appellant.

*Smoot, Boyd & Smoot* for respondent.

Any variances between the original petition and the petition on which the case was tried were waived by the defendant answering the last petition and going to trial. Sanguinett v. Webster, 135 Mo. 343; Sauter v. Leveridge; 103 Mo. 615. If the court erred in refusing to sustain any of defendant's various motions, the legal effect of the answer and joining issues in trial was to waive the right to have any of the court's rulings reviewed. Holt County v. Cannon, 114 Mo. 519; Walser v. Wear, 141 Mo. 462. A party for whose benefit a contract is made may sue on it. School Dist. v. Livers, 147 Mo. 580. Nesbit had a right of action on the contract between Latham and Crump, for he was expressly named in it and in it Crump agreed to pay him (Nesbit) $100. Rothwell v. Skinker, 84 Mo. App. 169. When the rights of the third party became fixed, that could not be destroyed by any act of the obliged. School District v. Livers, 147 Mo. 580.

STATEMENT: James P. Nesbit owned certain lots, in the city of Memphis, Scotland county, Missouri, incumbered by a school mortgage of four hundred dollars. Nesbit sold his lots to James E. Latham, giving him a bond to make a deed on payment by Latham of the purchase price, to-wit, six promissory notes of twenty-five dollars each, Latham assuming the payment of the four hundred dollars school fund mortgage. Afterwards, and before Nesbit had made a deed, Latham and defendant Crump entered into the following contract:

"This contract and agreement made and entered into by and between James E. Latham of Memphis, Mo., party of the first part and Dan Crump of city and State aforesaid, party of the second part.

"Witnesseth, That the party of the first part has this twenty-sixth day of June, 1898, exchanged, sold or bartered to the party of the second part his residence property consisting of one lot and dwelling in Memphis, Mo., the same being occupied by himself and family at present, formerly owned by James P. Nesbit on which there is $400 school money and $100 due James P. Nesbit.

"In exchange for above said property, party of the second part sets over to the party of the first part a certain tract of land known as the Billy Moore land situated some three or three and one-half miles to the northwest of Memphis, Mo., and consisting of thirty-seven acres more or less and on which there is $450 school money—each party to this contract hereby agrees to assume the other's indebtedness as above set forth. Each to pay the interest on the respective indebtedness or loans on the property he gets in exchange, commencing on or about the first day of December last. Each to pay the taxes for the last year on the property he exchanges. And agree each to transfer to the other his property by good and sufficient warranty deed, party of the first part to have the city property free of rent for three months from this date at which time he hereby

agrees to render peaceable possession unless an arrangement be made for further occupancy—party of second part renders possession of the farm on the first day of March, A. D. 1899.

"To this contract and agreement the parties hereto have hereunto subscribed their hands and seals this date first above written.    "JAMES E. LATHAM (Seal)
                                              "DAN CRUMP.    (Seal)"

Crump conveyed his thirty-seven-acre farm to Latham, and Nesbit, at Latham's request, made a deed conveying the town lots to Crump, but did not deliver it to him but deposited it with the plaintiff bank to be held by it in escrow until Crump should pay the bank one hundred dollars in discharge of Nesbit's indebtedness to the bank, evidenced by the following note:

"$100.                Memphis, Mo., Dec. 31, 1898.
    "Thirty days after date I, the subscriber of Memphis, county of Scotland, State of Missouri, for value received, promise to pay to the order of the cashier of the Farmers' Exchange Bank of Memphis, one hundred dollars, at its banking house in Memphis, Scotland county, Missouri, with interest at the rate of eight per cent per annum after maturity, having deposited with him as collateral security six promissory notes signed by James E. Latham for twenty-five dollars each war. deed to property for which notes were given, and in case this note shall not be paid when due I hereby give said cashier authority as my agent to sell said collateral, or any part thereof, for cash on my account at the maturity of this note or at any time thereafter, at public or private sale, at his discretion, without advertising the same or giving notice, and to apply the proceeds of said collateral to the payment of this note and any interest due thereon, with costs and expenses of executing this trust.
(I R. 2 Cent Stamp)        "JAMES P. NESBIT."

It was agreed by and between Nesbit and the bank that on the payment of the one hundred dollars by Crump, the deed should be delivered to him and the notes should be delivered to Latham. On examination of the deed by the cashier of the bank, he suspicioned that the property was erroneously described and for the purpose of having the matter investigated placed the deed in the hands of the bank's attorney, who in turn delivered it to Myers for examination. Myers found the description correct and, after holding the deed in his possession for several months, being ignorant of the fact that it had been deposited with the bank, and believing that Crump was entitled to its possession, delivered it to him and Crump immediately filed it for record.

On December 1, 1897, there was sixty-seven dollars and ninety-eight cents back interest due on the school mortgage on the town property which Latham failed to pay and which Crump was compelled to pay. For the reason he was compelled to pay this bank interest and also some back taxes on the town property, he refused to pay the one hundred dollars to the bank or to Nesbit. The suit is to recover the one hundred dollars with interest, the petition alleging that the bank ratified the delivery of the Nesbit deed to Crump. The answer was a general denial and a plea of the five year Statute of Limitations. The verdict was for plaintiff for one hundred and twenty-eight dollars and fifty cents.

BLAND, P. J. (after stating the facts).—The case was tried on a third amended petition which defendant moved to strike out on the ground that it was a departure from the original petition and substituted a new cause of action. The motion was overruled and defendant answered. Whatever variance, if any there was, between the original and third amended petitions was waived by the answer and by defendant going to trial on the petition as amended. [Sanguinett v. Webster, 153 Mo. 343, 54 S. W. 563; Sauter v. Leveridge, 103 Mo.

615, 15 S. W. 981; Scovill v. Glasner, 79 Mo. 449; Holt County v. Cannon, 114 Mo. l. c. 519, 21 S. W. 851; Walser v. Wear, 141 Mo. l. c. 462, 42 S. W. 928.]

By the contract of June 26, 1898, defendant agreed to pay the one hundred dollars due from Latham to Nesbit, the balance of the purchase money due Nesbit on the town lots. To the extent of this payment the contract inured to the benefit of Nesbit and there is no doubt that he as such beneficiary might sue on the contract in his own name to recover the one hundred dollars. [School District ex rel. v. Livers, 147 Mo. 580, 49 S. W. 507; Rothwell v. Skinker, 84 Mo. App. 169.] The right of Nesbit to sue and recover on the contract became fixed on the acceptance of the deed from him by defendant and could not be thereafter defeated by the failure of Latham to pay the interest that had accumulated on the school mortgage prior to December 1, 1898, or the back taxes on the town lots. [School District v. Livers, supra.] But it is contended that there was no assignment of Nesbit's cause of action to the plaintiff bank. There was no written or formal assignment of the cause of action from Nesbit to the bank; but the deposit of the deed by Nesbit with the bank, under an agreement that the bank should receive the one hundred dollars in payment of Nesbit's debt to it and deliver the deed to defendant and surrender up the collateral notes of Latham, was, in effect, an assignment sufficient to make the bank the real party in interest; being the real party in interest, the suit was properly brought in its name. [R. S. 1899, sec. 540.]

The evidence shows that the deed from Nesbit came into defendant's possession on October 14, 1899. The court treated the date of the delivery of the deed as the date when the right of action accrued to the bank. We think, under all the evidence, this was a proper construction of the contract. The suit was commenced on January 2, 1904, less than five years from the date when the right of action accrued, therefore, it is not barred by the

five-year Statute of Limitations. Upon the whole record, we think the judgment is for the right party and for the correct amount. It is therefore affirmed. *Nortoni, J.,* concurs. *Goode, J.,* dissents.