ANDERSON et al., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 3, 1908.

1. **PLEADING: Amendments: Motion to Strike Out: Waiver.** Where a defendant moves to strike out an amended petition because it is a change of plaintiff's cause of action, and, after his motion is overruled, pleads to the amended petition and goes to trial on the issues thus raised, he thereby waives his objection to the court's ruling on his motion.

2. **DAMAGES: Growing Crop.** The measure of damages for property tortiously destroyed is its value at the time and place of destruction; if the property destroyed is a growing crop, evidence is admissible to show the probable amount of the crop when it should be matured and the value of the same at the market season, deducting the necessary costs of cultivation, harvesting and marketing.

3. ————: **Matured Crop.** Where a crop practically matured is destroyed tortiously, the measure of damages is the value of the crop at the time. This may be shown by proof of the amount and the market price of the crop destroyed.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*James F. Green* for appellant.

(1) The amended petition was the statement of a different cause of action from that contained in the original petition, and defendant's motion to strike it out should have been sustained. Scoville v. Glasner, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Jordan v. Railroad, 105 Mo. App. 455; Ross v. Land Co., 162 Mo. 331; Walker v. Railroad, 193 Mo. 478; Jackson v. Van Horn, 91 Mo. App. 657; Clothing Co. v. Railroad, 71 Mo. App. 247. (2) The court erred in admitting testimony as to

the probable value of the crop at gathering time. The measure of damages was its value when destroyed. Hosli v. Yokell, 57 Mo. App. 622; 4 Sutherland on Damages, p. 1023; 3 Sedgwick on Damages, sec. 937; Hunt v. Railroad, 103 S. W. 133.

*Abington & Phillips* for respondent.

(1) The amended petition did not state a new cause of action by reason of adding new parties plaintiff. R. S. 1899, sec. 658; R. S. 1899, sec. 659; O'Fallon v. Cloxton, 89 Mo. 291; Butler v. Lawson, 72 Mo. 246; Hayden v. Marmaduke, 19 Mo. 403; Ragan v. Railroad, 111 Mo. 456; Ebersole v. Rankin, 102 Mo. 488; Winklemaier v. Weave, 28 Mo. 358; House v. Duncan, 50 Mo. 452; Schergrus v. Wetzell, 12 Mo. App. 596; Deyerle v. Hunt, 50 Mo. App. 541; Muldrow v. Railway, 62 Mo. App. 431. (2) Evidence of probable value of crop at gathering time introduced by plaintiff was not prejudicial to defendant, the court giving the correct measure of damages in instruction No. 2 asked by defendant. Hunt v. Railroad, 103 S. W. 133.

STATEMENT.—The action is to recover the value of corn standing in the field, alleged to have been destroyed by hogs escaping from defendant's right of way through its defective railroad fence running along and adjoining plaintiffs' inclosed and cultivated fields. In the original petition plaintiff J. M. Anderson alone sued for the damages, alleging that he had a field adjoining defendant's railroad in Poplar Bluff township, in Butler county, Missouri, but no land was described in the petition. An amended petition was filed in which Jane H. Hach, Ellen Willis, E. Savilla Lundia and Katherine Siminonton were joined as co-plaintiffs with Anderson. It is averred in the amended petition that Mesdames Hach, Willis, Lundia and Siminonton are the owners of the east half of lots one and two, northeast quarter, section

6, west half of lot two northwest quarter, section 5, all in township 24, range 7, also the southeast quarter of the southeast quarter of section 31, township 25, range 7, east, all in Butler county, Missouri, that during the year 1906, Anderson was their tenant, occupying and cultivating the tillable land in said tract under an agreement with the owners to pay them one-third of the corn grown on the premises, delivered at Poplar Bluff; that all of said land is contiguous and is inclosed by a fence; that defendant's railroad runs through said land and Anderson, as tenant, cultivated a field of corn on the north side of and adjoining said railroad, and hogs strayed from defendant's right of way, through defendant's defective fence, into the field of corn and destroyed the corn standing thereon.   Defendant filed a motion to strike out the amended petition for the reason it was the substitution of a new cause of action from that contained in the original petition and a departure from the original one.   The court overruled the motion to strike out, whereupon defendant filed an answer to the amended petition and the cause was tried to a jury, who found the issues for plaintiffs and assessed their damages at $302.   Defendant appealed.

Plaintiff's evidence tends to prove that the land belonged to Mesdames Hach, Willis, Lundia and Siminonton; that Mrs. Siminonton is the mother of Mesdames Hach, Willis and Lundia and by their consent rented the land and received to her own use all the rents; that for the year 1906, she rented the land to plaintiff Anderson, who planted and cultivated a field containing twenty or twenty-two acres in corn; that the field adjoined defendant's railroad on the north and the railroad fence along this field was out of repair.  It was a wire fence, and the evidence shows that some of the posts were rotten and the wires had pulled loose and sagged down in places, leaving openings for hogs to go through; that beginning in July, and continuing off and on until and

during October, hogs escaped from defendant's right of way through the holes in its fence and into the field of corn and ate and destroyed all the corn therein but about seventy-five bushels; that the value of the corn destroyed was from three hundred to three hundred and fifty dollars.

BLAND, P. J. (after stating the facts)—1. By pleading over to the amended petition and going to trial, defendant waived its objection to the court's ruling on its motion to strike out. [Fuggle, Admr., v. Hobbs, 42 Mo. 1. c. 541; Scovill v. Glasner, 79 Mo. 449; Walser v. Wear, 141 Mo. 1. c. 426, 42 S. W. 928; Springfield Engine & Thresher Co. v. Donovan, 147 Mo. 1. c. 628, 49 S. W. 500; Bungenstock v. Nishnabotna Drainage District, 163 Mo. 1. c. 219, 64 S. W. 149; Cohn v. Souders, 175 Mo. 1. c. 467, 75 S. W. 413; Castleman v. Castleman, 184 Mo. 1. c. 440, 83 S. W. 757; Dakan v. Chase & Son Mercantile Co., 197 Mo. 1. c. 270, 94 S. W. 944; White v. Railroad, 202 Mo. 1. c. 562, 101 S. W. 14; Hansard v. Menderson Clothing Co., 73 Mo. App. 1. c. 587; Shuler v. Railway, 87 Mo. App. 1. c. 622; Powell v. Brick & Tile Co., 104 Mo. App. 1. c. 718, 78 S. W. 646; Grymes v. Mill & Lumber Co., 111 Mo. App. 1. c. 361-2, 85 S. W. 946; Farmers' Exchange Bank v. Crump, 116 Mo. App. 371, 92 S. W. 724.]

2. Anderson testified that he had laid by his corn before the hogs got into the field and that it required no further cultivation and would have put him to no further expense until gathering time. He was asked the following question: "Now, then, Mr. Witness, you are familiar with the land, having raised crops on it, and are a practical farmer, tell the jury, with the stand of corn you had and seasonableness of the year 1906, what, in your opinion as a farmer, that farm would have produced last year per acre?" Anderson's answer was, "Well, I had pretty good corn, what I call good corn, and I suppose it would have made something in the neighbor-

hood of thirty-five bushels, maybe more and maybe a little less, I could not say exactly. I think thirty-five bushels to the acre;" and he was permitted to testify to the market value of the corn standing in the field at gathering time. Substantially the same questions were asked other witnesses and the same answers given, to all of which testimony defendant objected and excepted at the time. Defendant's contention is that the measure of damages was not what the land would have produced but the value of the corn standing in the field at the time it was destroyed. The evidence shows that the hogs were first discovered in the field about July tenth and from that date on through the summer and into the early fall months they continued to get into the field, destroying all the corn but about seventy-five bushels, and Anderson testified that the value of the corn standing in the field at the time it was destroyed was three hundred and twenty dollars; that it was worth as much at that time as it would have been at gathering time, that is, from thirty-five to forty cents per bushel. The general rule is that the measure of damages for property negligently or tortiously destroyed by one not its owner is its value at the time and place of its destruction; but when the thing destroyed is a growing and immature crop (as of corn) the plaintiff, to prove his damages, may show that the probable amount of corn the crop appeared it would likely yield when destroyed, and the value of the same at the market season, deducting therefrom the necessary costs of cultivation and harvesting and of marketing. [Scanland v. Musgrove, 91 Ill. App. 184; Carter v. Railroad, 106 S. W. 611; Hunt v. Railroad, 103 S. W. 133.] It appears from the evidence that the crop of corn was practically made at the time the hogs first got into the field, and the evidence to prove damages should have been confined to its then value. This proof was made by Anderson, who testified that at the time the corn was destroyed it was worth thirty-five cents per bushel in the

field; that there was from twenty to twenty-two acres of the corn and the yield would have been from thirty-five to forty bushels per acre. Anderson's testimony and that of the other witnesses, as to the value of the corn at gathering time, placed its value at from thirty-five to forty cents per bushel and none of these witnesses estimated the yield at more than from thirty to thirty-five bushels per acre, so if it be conceded that the court erred in admitting evidence of the value of the corn at gathering time, defendant was not prejudiced thereby. Anderson and other witnesses testified that the fence around the field other than the railroad fence was not in good condition. On this evidence defendant asked the following instruction:

"3. The court instructs the jury that if you find that plaintiffs' own fences inclosing the field in controversy were defective, then plaintiffs cannot recover for any damages which may have been caused by hogs coming into the field through plaintiffs' fence, if you find that any hogs did go into the field through said fence."

The refusal of the court to give this instruction is assigned as error. There is not a ray of evidence to show that hogs at any time got into the field through plaintiffs' fence; on the contrary the evidence is all one way that they got into the field and went out of it through defendant's fence, therefore, there was no sufficient evidence to warrant the court to give the instruction. No reversible error appearing the judgment is affirmed. All concur.