W. H. DEAL et al., Respondents, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. **RAILROADS: Failure to Maintain Fence: Damages.** In case hogs get into a field through a defective fence along a railroad company's right of way at a place where the company is required to maintain a lawful fence, but negligently fails to do so, and the hogs destroy a growing crop, the company is liable.

2. **DAMAGES: Railroads: Failure to Fence: Injury to Growing Crop: Measure of Damages.** In an action against a railroad company for double damages on account of the destruction of

plaintiffs' growing crop of corn by hogs that entered the field through a defective right of way fence, the defendant contended that only nominal damages could be recovered because at the time of the destruction no fair estimate of the value of the crop could be made on account of the uncertainty of weather conditions, etc. *Held*, that the measure of damages was the value of the crop at the time of its destruction, and that the value could be ascertained with reasonable accuracy at the time of the trial, which was after the corn had matured; that the value could be determined by showing what the crop would have produced had it not been destroyed, and deducting therefrom the cost of cultivating, harvesting and marketing.

3. ——: ——: ——: ——: **Planting Second Crop: Measure of Damages: Instructions.** In an action against a railroad company for double damages on account of the destruction of plaintiff's growing crop of corn by hogs that entered the field through a defective right of way fence, the evidence shows that after the destruction another crop of corn was planted and had matured at the time of the trial of the cause. *Held*, that if it could be shown that the second crop netted anything above the cost of planting, cultivating, harvesting and marketing, that sum should be deducted from what would have been the net value of the crop destroyed had it not been destroyed. An instruction not properly declaring this rule held erroneous.

4. ——: **Destruction of Growing Crop: Value of Crop Destroyed: Evidence: Expert Witnesses.** In a suit for damages for the destruction of a growing crop of corn, it is proper to permit a practical farmer familiar with the land and the value of corn in the market to testify directly as to his judgment of the value of the crop at the time of its destruction.

5. **EVIDENCE: Value: Expert Witnesses.** The question of value is always more or less a question of judgment, unless the article has a specific market value about which there could be no difference of opinion; but when it becomes necessary to prove the value of any species of property which has no market value, then it is competent for a person familiar with it and qualified to give an opinion to state his judgment as to its value.

6. **FENCES: Instructions: Use of Words "Turn Stock" in Describing Lawful Fence.** In describing in an instruction a lawful fence, the words "turn stock" were used where the statute uses the words "resist horses, cattle and live stock." *Held*, that there was no difference in the meaning of the two expressions.

Deal v. Railroad.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

*N. A. Mozley* for appellant.

(1)    The measure of damages in this case is the cost of reseeding the land plus the rental value thereof from the time of the destruction of the crop to the time it was replanted.   Adam v. Railroad, 122 S. W. 1136; Standley v. Railroad, 121 Mo. App. 537; Jones v. Lake Club, 122 Mo. App. 113; Mattis v. Railroad, 138 Mo. App. 61.   (2)   Instruction No. 1 asked by respondents and given by the court to the effect that appellant was required to keep and maintain a fence along the sides of its right-of-way, constructed of certain specified material sufficiently close to "turn stock" imposes on appellant a burden not imposed by law and is erroneous. Deitrich v. Railroad, 89 Mo. App. 36; Nixon v. Railroad, 141 Mo. 425, 42 S. W. 945.

*L. M. Henson* and *J. A. Gloriod* for respondents.

The measure of damages in this kind of case is the value of the crop standing in the field at the time it was destroyed, and evidence as to probable yield and the market value thereof at gathering time is admissible to enable the jury to arrive at the reasonable value.   This rule has been laid down in a number of cases.   Hunt v. Railroad, 126 Mo. App. 261; Carter v. Railroad, 128 Mo. App. 57; Anderson v. Railroad, 129 Mo. App. 384; Jones v. Lake Club, 122 Mo. App. 113.

STATEMENT.—Action under the double damage act for destruction of a growing crop of corn by hogs that entered the field through a defective fence maintained by the defendant along its right of way.   Trial by jury, verdict for plaintiff for two hundred and seventy-five dollars, which was doubled by the court, and judgment

rendered for five hundred and fifty dollars. Defendant has appealed and its contention is, that under the evidence developed in the case, nothing more than nominal damages should have been recovered, and that the instruction of the court on the measure of damages was erroneous, misleading and confusing.

The evidence is clear that it was the duty of defendant to maintain a fence at the place where the hogs entered the field and that the fence was defective and had been so for a year. Plaintiff, Deal, was the owner of the land and Molton was his tenant who had rented it, and was to pay to Deal one-third of the crop as rental. He planted twenty-five acres in corn in the middle of April and it was from two to four inches high at the time the hogs destroyed it. He afterward planted another crop and raised some corn thereon, the amount of which is in dispute in the testimony. There was evidence tending to show what the crop would have produced had it not been destroyed; also the cost of replanting and cultivating the new crop, the value of the crop at the time of the trial, which was in October, the second crop then being mature and standing in the field. There was also testimony by practical farmers familiar with this land who testified that if the crop had not been rooted up and destroyed it would have produced from forty to fifty bushels per acre; that the second crop, then standing, did not average more than fifteen bushels per acre. Testimony was introduced showing the cost of planting the crop of corn. Witnesses were also permitted to give their judgment as to the value of the crop of corn at the time it was destroyed.

COX, J.—The instruction complained of is as follows:

"The court instructs the jury that if you believe and find from the evidence that the plaintiffs planted two crops of corn on the land described in the petition and that the first crop was destroyed by the

hogs, and that afterwards they planted a second crop on the same land, which crop was matured, then, if you find for the plaintiff, you will assess his damages at such sum as you believe from the evidence the first crop destroyed was worth, standing and growing in the field at the time it was destroyed, *together with the reasonable cost of planting the second crop, less the market value of the second crop at Hilliard, less the reasonable cost of cultivating, gathering and marketing the same; or you will assess his damages at the market value of what the first crop would have been if allowed to mature, together with the reasonable cost of planting the second crop less the reasonable market value of the second crop, and the cost of cultivating, gathering and marketing the same."*

Appellant rests his first contention that only nominal damages could be recovered upon the fact that at the time of the destruction of the crop it was in such condition that no fair estimate of its value could be made, contending that it was mere conjecture as to what the weather conditions would be, what the cost of cultivation would be, and what the probable yield would be, and, since damages could not be accurately proven, nominal damages only could be recovered. With this contention we do not agree. At the time of the trial in October the corn crop was matured. It was then possible to ascertain with reasonable accuracy what this ground, with fair cultivation, would have produced had the crop not been destroyed, and that point must be ruled against the appellant.

The instruction above set out, given by the court as to the measure of damages, and the manner of ascertaining it, was erroneous. The portion of this instruction which is italicised should have been omitted. The first part of the instruction, which told the jury that if they found for plaintiff the measure of damages was the value of the crop at the time it was destroyed, was correct. [Hunt v. Railroad, 126 Mo. App. 261,

103 S. W. 133; Anderson v. Railroad, 129 Mo. App. 384, 108 S. W. 605.]   That was the loss which plaintiff had suffered and it was that for which defendant was required to compensate him, but that was all.   The vice of this instruction is that it tells the jury that they may, in addition to what the crop was worth, give to plaintiff the reasonable cost of planting the second crop, less the market value of the second crop, etc.

The latter part of this instruction must have conveyed to the minds of the jury the thought that they were entitled to allow plaintiff something more than the value of his corn at the time it was destroyed.   The language used in the instruction is calculated to confuse rather than to enlighten the jury, and was, therefore, misleading as well as allowing them to award to plaintiff more damages than he had actually suffered.

The defendant was required to maintain a lawful fence along its right of way, and when it failed to do so, and, by reason of its fault, the hogs got into plaintiff's field, rooted up and destroyed his corn, they ought to be made to remunerate plaintiff for the damage he has actually suffered.   Plaintiff, of course, must prove the amount of his damages, but he should be permitted to do this in any way that was reasonable and fair and by testimony that could be readily understood by the jury, and since this trial was had after the time had elapsed for the crop to mature, it seems to us that the only fair way to arrive at what was the actual value of the crop at the time of its destruction would have been by showing what the crop, if it had not been rooted up, would have produced, the cost of completing its cultivation, harvesting and marketing it to be deducted therefrom.   Then, it having also developed that the plaintiff replanted his ground in corn and raised a partial crop thereon, the defendant might have reduced the damages by showing the cost of planting, cultivating, harvesting and marketing the second crop and if it

144 App—44

would have netted anything over the cost of its production, then, that sum should have been deducted from what would have been the net value of the crop destroyed had it not been destroyed. In this way it could have been ascertained with reasonable certainty just how much the plaintiff was damaged by having his crop destroyed. Nor do we see any reason why a practical farmer, familiar with this land, the season and the value of corn in the market, could not have been permitted to testify directly as to his judgment as to the value of this crop of corn at the time of its destruction. The question of value is always more or less a question of judgment, unless the article has a specific market value about which there could have been no differenc of opinion, but when it becomes necessary to prove the value of any species of property which has no market value then it is competent for a person familiar with it, and qualified to give an opinion, to state his judgment as to its value. It is also competent on cross-examination to draw out the facts upon which he based his opinion in order to test its value and accuracy.

There are some decisions of the court which may appear not in entire harmony with the views herein expressed as to the manner of proving the value of a growing crop, but we think an examination will show that the apparent conflict results from the difference in the facts of the case. If suit had been brought before the crop had matured then greater difficulties would have been in the way of proving its value, for the reason that it could not be known with certainty what the weather conditions would have been during the remainder of the time required to mature this crop. It seems to us that the true rule is that the measure of damages is the value of the thing destroyed, and that any evidence that will throw light upon that question is admissible in the trial of the case, and in a case of this character, it seems to us that the above outline is sufficiently accurate for all practical purposes.

Complaint is also made by defendant that the language used in plaintiff's first instruction in describing the character of fence defendant was required to maintain, in which it is said the fence should be constructed of certain specified material sufficiently close to "turn stock" imposed upon appellant a burden not imposed by law and is erroneous. The words "turn stock" are not the words used in the statute, which are "sufficiently close to resist horses, cattle and live stock," but we see no difference between the meaning of the words "turn stock" and to "resist."

For the error in giving the instruction above referred to as to the measure of damages, the judgment will be reversed and the cause remanded. All concur.