MILTON G. McMANAMA, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, June 3, 1913.

1. **JURY: Competency of Juror: Bias or Prejudice.** If a juror have such a bias or prejudice against a class of cases that his judgment will be warped, he should be set aside, but opinions formed which are not of a fixed character and which readily yield to evidence do not disqualify him.

2. **APPELLATE PRACTICE: Trial Practice: Jury: Conclusiveness of Ruling as to Juror's Competency.** The competency of a juror is a mixed question of law and fact. It is the province of the trial court to try the question of fact, and, while its finding thereon is not conclusive, on appeal, yet it ought not to be disturbed unless it is clearly against the evidence.

3. **JURY: Competency of Juror: Prejudice: Facts Stated.** In an action against a street railway company for personal injuries, one of the jurors on his *voir dire* examination stated that two of his daughters had been injured on defendant's cars; that de-

fendant settled with the daughters, but refused to pay their doctor bill; that he felt that defendant didn't do just right in refusing to pay such bill, and that, as a result, he had "a little" feeling of dislike toward it. He further stated, in response to questions propounded by the court, that this feeling would not influence him in his decision of the case. *Held*, that the juror's "feeling" was not a deep-seated feeling or impression, sufficient to influence him in passing judgment upon the facts, and hence the trial court did not err in overruling defendant's challenge for prejudice.

4. PLEADING: Defective Petition: Waiver by Pleading Over. By answering over, the defendant waives whatever error was committed by the trial court in overruling a motion to require plaintiff to elect and to require him to make his petition more definite and certain, notwithstanding defendant duly preserved exceptions to such rulings.

5. INSTRUCTIONS: No Evidence to Support: Damages. In an action for personal injuries, it is improper to instruct the jury that they may allow plaintiff damages for permanent injuries where the evidence does not tend to establish that his injuries are permanent.

6. DAMAGES: Action for Personal Injuries: Permanent Injury: Sufficiency of Evidence. In an action for personal injuries, *held*, that under all the evidence respecting plaintiff's condition before and after the injury, there was enough to warrant a finding that the injuries, to some extent, were reasonably certain to be permanent.

7. APPELLATE PRACTICE: Harmless Error: Damages. In an action for personal injuries, where the amount awarded was not an excessive allowance for the injuries established by the evidence, the judgment will not be reversed, in view of Secs. 1850 and 2081, R. S. 1909, merely because, in the strict technical science of the law, the jury should not have been allowed to award damages for permanent injuries.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Boyle & Priest* and *G. T. Priest* for appellant.

(1) The court erred in overruling defendant's challenge of Juror Frederick Kitzing, on his *voir dire*. Carroll v. Railroad, 157 Mo. App. 247; Heidbrink v.

Railroad, 133 Mo. App. 40; Theobold v. Transit Co., 191 Mo. 428. (2) The court erred in overruling defendant's motion to require plaintiff to elect as to which cause of action stated in his petition he would proceed to trial on, which said motion was renewed at the beginning of plaintiff's case in chief and at the close of plaintiff's case in chief, being denied by the court in each instance. Carroll v. Railroad, 157 Mo. App. 247. (3) The court erred in denying defendant's motion to make plaintiff's petition more definite and certain. Shareman v. Transit Co., 103 Mo. App. 515. (4) The court erred in giving plaintiff's instruction No. 2, on the measure of damages, and permitting the jury, under said instruction, to return damages for permanent injuries to plaintiff when there was no evidence in the case to sustain such issue. Hosse v. Lemp, 26 Mo. 374; Plow Co. v. Sullivan, 158 Mo. 453; Smedley v. Railroad, 118 Mo. App. 103.

*H. A. Loevy, Vincent L. Boisaubin* and *Jones, Hocker, Hawes & Angert* for respondent.

(1) The trial court was right in overruling defendant's challenge to Juror Frederick Kitzing, on his *voir dire.* A juror is not disqualified unless his bias, prejudice or ill will is so great as to influence his mind or warp his judgment. And of this the trial court is the best judge, whose finding should not be set aside unless clearly and manifestly against the weight of the evidence. Carroll v. Railroad, 157 Mo. App. 247; Heidbrink v. Railroad, 133 Mo. App. 40; Theobald v. Transit Co., 191 Mo. 428; State ex rel. v. Cunningham, 100 Mo. 388; Sec. 7283, R. S. 1909; McCarthy v. Railroad, 92 Mo. 536; State v. Rasco, 239 Mo. 535; Commonwealth v. Brown, 9 Am. St. Rep. 736; Montgomery v. Railroad, 90 Mo. 451; Coppersmith v. Railroad, 51 Mo. App. 357. (2) The trial court was right in overruling defendant's motion to require plaintiff to elect. The allegation complained of did not constitute two sep-

arate and distinct causes of action, was perfectly har-
monious and consistent, was really immaterial, and
was at most mere matter of inducement. Behen v.
Transit Co., 186 Mo. 430; Sec. 1828, R. S. 1909; Sec.
1831, R. S. 1909; White v. Railroad, 202 Mo. 539;
Phillips on Code Pleading, sec. 286, p. 269; Canaday v.
Railroad, 134 Mo. App. 282; Rapp v. Transit Co., 190
Mo. 144. (3) The trial court was right in overruling
defendant's motion to make plaintiff's petition more
definite and certain. Defendant was properly advised
of the particular negligence; the precise nature of the
charge was perfectly apparent; the allegation objected
to was mere matter of inducement, immaterial and un-
necessary, and hence not subject to a motion to make
more definite and certain. Willis v. Railroad, 44 Mo.
App. 51; Sec. 1815, R. S. 1909; Day v. Day, 90 N. Y. S.
680; Railroad v. Rolfe, 58 S. W. 870, 76 Ark. 220; Hel-
tonville Mfg. Co. v. Fields, 138 Ind. 58; Cheney v. Rail-
road, 78 Wis. 223. (4) The trial court was right in
giving instruction No. 2 on the measure of damages.
The evidence is sufficient to allow the jury to pass upon
the question of the permanency of the injury and to
consider it in making up the damages.

ALLEN, J.—This is an action for personal in-
juries sustained by plaintiff while attempting to alight
from a car of the defendant, street railway company.
The trial, before the court and a jury, resulted in a ver-
dict for plaintiff in the sum of $2500. Judgment was
entered accordingly, and the defendant appealed. For
a determination of the questions before us it is un-
necessary to set out the pleadings, or review the evi-
dence.

I. Appellant makes four assignments of error.
The first of these pertains to the action of the court in
overruling the defendant's challenge for cause of a
juror, one Frederick Kitzing, upon the ground that the

examination of this juror, on his *voir dire,* showed that he was prejudiced against the defendant, and therefore incompetent to sit upon the jury.

In regard to this assignment of error it will be well to set out what took place upon the examination of this juror during the impaneling of the jury. The juror stated that two of his daughters had been injured in a street car accident; and thereupon he was examined as follows:

"Q. What member of your family was injured? A. I had two daughters. Q. Did they settle the matter? A. The company sent a man up there and settled it, and satisfied the girls. Q. But it was not satisfactory to you? A. I had nothing to do with it; I had to pay the doctor bill which they refused to pay. One was laid up six months after it. Q. That fact created a feeling of dislike towards the company? A. It should not. Q. But it did? A. Yes, a little. Q. You still have that feeling that the company didn't do just right in not paying that doctor bill? A. I have that feeling.

"Mr. Priest: I challenge the juror for cause.

"By the Court: Do you feel that that disappointment that you had over the nonpayment of that doctor's bill would necessarily have any influence in your deciding a case in which the same company was a party? A. It would not. Q. Could you try this case, acquit yourself of any feeling, and try it fairly on the evidence as you heard it here and under the instructions of the court? A. I always try to do justice to everybody. Q. Of course, this question must be addressed to your own conscience; we can't tell how your mind may work on that subject. It must be left to you to say whether, under your oath, you could say that you would try this case just as fairly as if the incident had not happened in your family, or whether it would have some influence with you in weighing the evidence and deciding the case. A. I think I could do justice

right. Q. You don't think it would have any influence with you in deciding this case? A. I don't think it would. Q. You could take this case up and decide it on its own facts, no matter what they in some other case might have done? A. Yes, sir.

"The Court: The challenge is not well taken."

To this action of the court the appellant duly preserved its exceptions, and insists that the same was reversible error. In support of its contention in this regard we are cited to Carroll v. United Rys. Co., 157 Mo. App. 247, 137 S. W. 303; Heidbrink v. United Rys. Co,. 133 Mo. App. 40, 113 S. W. 223; Theobald v. Transit Co., 191 Mo. 395, 90 S. W. 354. In the Carroll case the juror on his examination, in answer to a question as to whether he entertained any feeling of ill will against defendant, said: "I would be against them, because I have had some experience." In answer to a further question he said that he had a feeling of ill will against the defendant. He was told by the court to stand aside, but, upon finding that there was no juror to take his place upon the panel, he was recalled and further examined by the court, and, upon his statement that his feeling of ill will against defendant had been removed, the court overruled the challenge. In the Heidbrink case the juror's mother had been injured by one of defendant's cars some time previous to the trial, and the juror stated that the claim against the company had been "not exactly settled satisfactorily." In the course of further examination he stated more than once that, if the evidence were equally balanced, he would give the plaintiff "the benefit of the doubt." In the Theobald case one of the jurors challenged had himself been injured by a street car some years before the trial. He stated that that fact would influence him in the trial of the case. Among other things he said: "I have a prejudice against railroad companies—against street car companies. In the same case the other challenged juror said: "I have a sort of prejudice against

the company, a general prejudice." Upon being asked whether that would influence him in the trial of the case he said: "No, I don't think it would; but still, a person having a prejudice, that would probably unconsciously bias his opinion." Again in answer to a question he said: "Well, as I said before, I have a prejudice against the company to start with." Upon being asked whether he still had this prejudice, he answered: "Still have it."

In the administration of justice it is vital that those who sit in judgment, whether jurors or judges, be free from any prejudice or bias that would in any manner influence them in a decision either upon the facts or the law. Or, as stated by MARSHALL, J., in Theobald v. Transit Co., supra, "The streams of justice should be kept pure and free from prejudice." However, under conditions existing to-day, we might frequently find some practical difficulties in the way of applying Lord Mansfield's ideal rule that a "juror should be as white as paper." The test stated by Chief Justice MARSHALL in Burr's case, and which is quoted approvingly in Theobald v. Transit Co., supra, is: "That light impressions which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions, which will close the mind against the testimony that may be offered in the opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection to him." [See, also, Billmeyer v. Transit Co., 108 Mo. App. 6, 82 S. W. 536.]

In the case before us can it be said that the examination of this juror showed the existence of any strong and deep impressions which would close his mind against the testimony, or of a bias or prejudice which would influence his judgment? It appears that

he had a feeling (he said a little feeling) of dislike toward the defendant—"that the company didn't do just right in not paying that doctor's bill." He testified, however, that this would have no influence with him in arriving at a verdict in the case, nor in any way prejudice or bias his opinion or judgment. As to the latter, this court in Carroll v. Railways Co., supra, through REYNOLDS, P. J., said: "Prejudice itself is of such an insidious character that it is rarely safe to allow any man to judge as to his own mental attitude toward it when he has admitted that it existed." We think this is quite true. One who has an actual prejudice or bias should not be permitted to serve as a juror because he declares that he can so far divest himself of it as to fairly try the issues. Neither is the ruling of the trial court on the question conclusive, although much deference should be given to its finding. [Theobald v. Transit Co., supra, and cases cited.] In McCarthy v. Railroad, 92 Mo. l. c. 539, 4 S. W. 517, the court, speaking through BLACK, J., said: "It is not every opinion of a juror concerning the matter in litigation which will operate as a disqualification. To have that effect, it must be such an opinion as will *influence his judgment in the consideration of the cause.* This is substantially the rule of the statute (now section 7283, R. S. 1909). Opinions formed, but not of a fixed character, and which readily yield to evidence, do not disqualify the juror. [State v. Walton, 74 Mo. 270.] If he have such a bias or prejudice against a class of cases that his judgment will be warped, then he should be set aside and not accepted as a juror; but it ought to appear that *his bias is such as to influence his judgment.* Again, the competency of a juror is a mixed question of fact and law. It is for the court to try this question of fact, and the finding of the trial court as to the competency of the juror ought not to be disturbed unless it is clearly and manifestly against the evidence. This rule is to be deduced from what has been heretofore said by

this court. [Montgomery v. Railroad, 90 Mo. 446, 2 S. W. 409; State ex rel. v. National Bank, 80 Mo. 626.]'' (The italics are ours.) The rule there expressed is sound in principle and has, in substance, been frequently approved by our Supreme Court. [See State v. Cunningham, 100 Mo. 388, 12 S. W. 376; State v. Sykes, 191 Mo. l. c. 77, 89 S. W. 851; Theobald v. Transit Co., supra; State v. Rasco, 239 Mo. l. c. 561, 144 S. W. 449.]

We are of the opinion that the answers given by this juror on his examination did not indicate a *prejudice* against the defendant, or any feeling toward it which would influence his judgment in the case. It will be observed that there is much difference in this respect between this case and those above upon which defendant relies. In each of the latter cases the statements of the juror clearly indicated the existence of a prejudice against the defendant company such as would doubtless have influenced the juror's judgment, and hence rendered him incompetent. And such likewise was the case with the juror in question in Billmeyer v. Transit Co., supra, in which the subject here under discussion was ably treated in a clear and well-considered opinion by GOODE, J. In the case before us such prejudice does not appear, unless it can be said to be shown by the ''feeling'' that the juror had about the company's refusal to pay the doctor's bill. It would seem that his ought not to disqualify him as a juror, where it does not appear to be a deep-seated feeling or impression, sufficient to influence him in passing judgment upon the facts under the evidence in the case. So thought the trial judge, who had the juror before him, and whose finding ought not to be disturbed unless it appears to be clearly against the evidence. We think that no reversible error was committed in overruling the challenge to this juror.

II. Appellant's second and third assignments of error pertain to the action of the trial court in over-

ruling two motions of appellant directed to plaintiff's petition; one being a motion to elect, and the other a motion to make more definite and certain. The trial court's rulings upon these motions, however, are not before us for review, for the reason that appellant by pleading over waived the alleged errors in overruling the motions. [Cook v. Globe Ptg. Co., 227 Mo. l. c. 525, 127 S. W. 332; Ewing v. Vernon County, 216 Mo. l. c. 685, 116 S. W. 518; Hof v. Transit Co., 213 Mo. l. c. 465, 466, 111 S. W. 1166; White v. Railroad, 202 Mo. l. c. 556, 101 S. W. 14; Dakan v. Mercantile Co., 197 Mo. l. c. 270, 94 S. W. 944; Paddock v. Somes, 102 Mo. 235, 14 S. W. 746, 10 L. R. A. 254; Vanloon v. Vanloon, 159 Mo. App. l. c. 269, 140 S. W. 631; Anderson v. Railroad, 129 Mo. App. 384, 108 S. W. 605.]

Defendant duly preserved its exceptions to the overruling of the motions by term bills of exceptions; but the filing of its answer, tendering issue on the facts, took the life out of its exceptions on appeal.

III. The fourth assignment of error pertains to the giving of an instruction for plaintiff on the measure of damages. The point to this assignment is that the instruction in question authorized the jury, in estimating plaintiff's damages, to take into consideration the character and extent of his injuries, if any, *"and whether they are permanent in their nature;"* whereas, appellant insists that there was no evidence to authorize the submission to the jury of the question of permanent injuries.

The only serious injury immediately suffered by plaintiff from his fall to the street was an injury to his right knee. The only expert testimony bearing upon the question of the permanency of this injury was the following answer of a physician, a witness for plaintiff, viz.: "I examined this knee a year ago, and found two days ago practically the same condition that I found a year ago; and as there seems to have been no

change within that year, one could hardly expect any great change at any rate to occur within many years."

Plaintiff at the time of the trial was forty-four years of age. The evidence tends to show that prior to the accident he was a good specimen of physical manhood, of good weight, strong, and in good health. As a result of the injury to his right knee he was compelled to go on crutches for about six months. A physician who treated him testified that after the injury the kneejoint was swollen and filled with fluid, and remained so for two or three months, and that for eight or nine months plaintiff had to wear a bandage on account of the weakness there, which weakness remained up to the trial; that the knee was preternaturally movable and loose, due to the weakness and relaxing of the ligaments about the joint, as a result of the injury. There was evidence to the effect that subsequent to the accident plaintiff suffered from nervousness, insomnia, and in fact a general nervous breakdown, and that his general health had become much impaired. And the testimony of one of his physicians, an expert upon nervous diseases, was to the effect that, in the opinion of the witness, plaintiff's nervous condition and the impairment of his health consequent thereupon resulted from the injury to his knee.

While the jury should not be instructed to allow for *permanent* injuries, taking that word in its strict sense, in the absence of any evidence to support such an instruction, it seems to us that the giving of this instruction was at any rate not prejudicial error such as to warrant a reversal of the judgment. It would seem that under all the evidence in the case respecting plaintiff's condition before and after the injury there was enough from which the jury might find that plaintiff's injuries, to some extent at least, were reasonably certain to be permanent.

Furthermore, conceding the wording of the instruction to be erroneous, under the evidence, a careful

examination of the record with respect to the testimony concerning plaintiff's injuries persuades us that the error, if any, is one which ought not to work a reversal. We are forbidden to reverse the judgment of any court unless we believe that error was committed against the appellant, materially affecting the merits of the action. [Sec. 2081, R. S. 1909.] And our courts are required, at every stage of the action, to disregard any error which shall not affect the substantial rights of the adverse party, and are forbidden to reverse any judgment because of such error. [Sec. 1850, R. S. 1909.] Under the evidence in the record before us the verdict of the jury for $2500 cannot be said to be excessive. The character of plaintiff's injuries were such as to make it reasonably certain that they would continue, in part at least, for a long time, if not permanently. It was proper of course for the jury to allow for the damages thus to be suffered by plaintiff in the future; and where, in a case of this character, such damages are allowed under an instruction telling the jury that they may take into consideration the character and extent of plaintiff's injuries, and whether they are permanent in their nature, and where the verdict of the jury appears not to be an excessive allowance for the injuries which the jury may rightfully find that the plaintiff suffered, and is reasonably certain to suffer in the future, we think that the judgment ought not to be disturbed, conceding, without deciding, that in the strict technical science of the law the word *permanent* should not have been used in the instruction.

There being in our opinion no reversible error in the record, the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.